836 So.2d 1149 (2003)
Cindi TOUCHET, Plaintiff-Appellant,
v.
Jason TOUCHET, Defendant-Appellee.
No. 36,881-CA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
*1150 Ross E. Shacklette, Bossier City, for Appellant.
Frank V. Zaccaria, Jr., Gretna, for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
WILLIAMS, Judge.
In this child custody proceeding, the plaintiff, Cindi Touchet, appeals a judgment which modified a prior custody decree and awarded sole custody of the parties' minor children to the defendant, Jason Touchet. For the following reasons, we amend the judgment and affirm as amended, reinstate and amend the original joint custody implementation plan to designate Jason Touchet as the domiciliary parent of the minor children and render.

FACTS
Jason Touchet ("Jason") and Cindi Touchet ("Cindi") were married on July 6, 1996 and are the parents of two minor children, Brittani Gilmer, born June 2, 1992, and Dalton Touchet, born August 18, 1994. In October 2000, Cindi filed a petition, which was later dismissed, for domestic abuse protection pursuant to LSA-R.S. 46:2131, et seq. The district court issued an interim order awarding Cindi the provisional custody of the minor children subject to Jason's right to supervised visitation. As a provision of this order, Jason was prohibited from consuming alcohol during his visits.
*1151 In December 2000, the plaintiff, Cindi Touchet, filed a petition for divorce seeking an award of joint custody and child support payments. By consent judgment signed in January 2001, the parties were awarded the joint custody of the minor children, with Cindi designated as domiciliary parent subject to Jason's visitation rights pursuant to a Joint Custody Implementation Plan. Jason was ordered to pay child support in the amount of $300 per month. The parties were later divorced with all prior judgments to remain in full force.
Subsequently, Cindi filed a "Rule for Contempt and To Accrue Child Support Arrearage." In response, Jason filed a Rule to Show Cause for Contempt, alleging the nonpayment of certain debts. In May 2002, Jason filed a "Rule for Change of Custody" seeking to be awarded the sole custody of the minor children. The Rules for Change of Custody and for Contempt and to Accrue Child Support Arrearage were heard together.
After the hearing, the trial court found clear and convincing evidence that it was in the best interest of the children to award sole custody to Jason, despite the court's concern about the amount of Jason's drinking. The court rendered judgment awarding Jason sole custody of the children, subject to supervised weekend visitation by Cindi at the paternal grandmother's home. The court prohibited overnight visitation until Cindi provided the court with proof that she had obtained employment and housing. The court limited Cindi's telephone contact with the children to one night per week for a total of 30 minutes, prohibited Jason from becoming intoxicated in the children's presence and ordered both parties to complete parenting classes. Cindi appeals the judgment.

DISCUSSION
The plaintiff contends the trial court erred in admitting evidence of her prior felony conviction. She argues that the evidence was irrelevant since the conviction occurred before the prior custody judgment.
The primary consideration in any determination of child custody is the best interest of the child. LSA-C.C. art. 131. The court shall consider all relevant factors in determining the best interest of the child. LSA-C.C. art. 134. The trial court may consider evidence of events that occurred prior to the previous custody award in making its determination of the child's best interest. Hargrove v. Hargrove, 29,590 (La.App.2d Cir.5/9/97), 694 So.2d 645.
In the present case, the trial court admitted evidence of plaintiff's conviction for attempted terrorizing over her objection. Although the plaintiff's conviction occurred prior to the custody agreement, we note that she also acknowledged she had forged a former worker's signature while working at a loan company at the end of 2001. Thus, this event occurred during the time period following the prior custody judgment. In addition, the plaintiff's conviction for making threats to the defendant's present wife is relevant to plaintiff's ability to encourage a continuing relationship between defendant and the children, a factor under Article 134. Based upon this record, we cannot say the trial court abused its discretion in considering the plaintiff's prior criminal behavior. The assignment of error lacks merit.

Custody Modification
In several assignments of error, the plaintiff contends the trial court erred in modifying the prior joint custody agreement. She argues that the defendant *1152 failed to establish a material change of circumstances sufficient to support a modification of custody.
In cases such as this one, where the original custody decree is a stipulated judgment, the party seeking modification must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child. Masters v. Masters, 33,438 (La.App.2d Cir.4/5/00), 756 So.2d 1196.
Article 134 provides that the factors to be utilized in determining the best interest of the child in a custody dispute may include the following:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties, and
(12) The responsibility for the care and rearing of the child previously exercised by each party.
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). The trial court is afforded great discretion in the determination of custody issues and its discretion will not be disturbed on appellate review in the absence of a clear showing of abuse. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972); Roberie v. Roberie, 33,168 (La. App.2d Cir.12/8/99), 749 So.2d 849.
In the present case, plaintiff testified that in February 2002, she lost her job and was forced to live in a motel room with her two children, a former boyfriend and a former female roommate. Plaintiff stated that she moved to a different motel in March 2002 with her female roommate and that because of her living situation, plaintiff allowed her children to live in the home of their paternal grandmother. The plaintiff explained that at the time of the hearing, she was living in Bossier City with another friend, Cindy Johnson, in a three-bedroom home where the friend's husband, daughter and granddaughter also lived.
Plaintiff stated that she was not employed, but had been looking for work. Plaintiff testified that she was very involved with her children's education, that she had spoken often with the teachers, had assisted in the classroom and that she helped her daughter with homework each night. The plaintiff asserted that it would be better for the children to live with her *1153 as the domiciliary parent because she has a closer emotional relationship with the children, whereas the defendant had not been involved with caring for the children, he works long hours and drinks too much.
The defendant testified that he had seen his daughter at his mother's house the Saturday before the hearing, that it had been one month since his last visit with his children and that approximately two months had passed between that time and the last prior visit. Defendant stated that during the first six months of 2002, he had been in physical contact with his daughter two or three times and once with his son. Defendant attributed his lack of visitation with the parties' children to plaintiff's failure on one occasion to meet him when he was supposed to take the children for a weekend visit. He asserted that he had not attempted to contact plaintiff after that time to arrange visitation because he did not know her current telephone number. He stated that he had spoken with the plaintiff "maybe once" since the beginning of 2002.
The defendant testified that he currently lives in a three-bedroom, two-bath trailer with his present wife, Lisa Touchet, and their three-year-old son. Defendant stated that his daily work hours were generally 8 a.m. to 6 p.m., but that he could work additional hours, that he worked every other weekend and that he was on call to work overnight during the week. The defendant acknowledged that he had consumed four beers the night before the hearing and that he drinks eight to twelve beers in a week.
The defendant asserted that he could offer the children a more stable living environment than the plaintiff, since he was employed and his wife remained home and cooked regular meals. Defendant acknowledged that he had not gone to the children's schools and did not know the names of their teachers.
Sandra Smith, the paternal grandmother of the children, testified that she told plaintiff the children could stay at her home until the plaintiff was able to get a job and find an apartment. Smith stated that the children began living with her on March 6, 2002 and that plaintiff had provided food for the children and the household approximately one time each month and visited the children during the week and on weekends. Smith testified that she was concerned that the plaintiff lacked a stable residence, transportation and a job. Smith stated that the defendant sometimes worked seven days per week for ten to twelve hours a day. Smith testified that she was willing to supervise the plaintiff's weekend visitation at her home.
Lisa Touchet, the defendant's present wife, acknowledged that because of his work schedule, she would be caring for the children 70% of the time. Lisa Touchet stated that defendant drinks one to three beers on an average work night and perhaps as many as eighteen beers during weekends when he was not working. Lisa Touchet testified that she was expecting a child in August 2002 and that she would be able to care for her baby and the other children.
Continuity and stability of environment are important factors to consider in child custody matters. LSA-C.C. art. 134; Roberie, supra. In evaluating the evidence in light of the Article 134 factors, we note that the testimony demonstrated that although defendant works long hours and is often away from home, at the present time he is in a better position to provide a stable living environment for the children and supply their material needs. However, there was also evidence showing that as between the parties, plaintiff had been more personally involved with the children's education and had previously exercised the primary responsibility for the *1154 care of the children. Unfortunately, the testimony also showed that plaintiff was unable to provide a stable and permanent residence for the children.
After reviewing the record, we share the trial court's concerns about the defendant's prior lack of involvement with the children and his drinking and about the plaintiff's current situation. Both parents have issues which must be addressed regarding their ability to provide adequate care for their children. Joint custody is favored absent clear and convincing contrary evidence. LSA-C.C. art. 132.
The evidence presented established that for various reasons, the plaintiff is unable to continue as domiciliary parent at the present time. However, contrary to the trial court's finding, the evidence is not sufficient to support an award of sole custody to the defendant. Consequently, we amend the trial court's custody modification to award the parents joint custody of the minor children, designate the defendant as domiciliary parent and reinstate and amend the original January 2001 joint custody implementation plan to grant plaintiff the same visitation and other privileges previously provided to the defendant.[1]

Child Support
The plaintiff contends the trial court erred in dismissing the rule for contempt against the defendant for failure to pay child support. The trial court is vested with much discretion in modifying awards of child support and the court's reasonable determination will not be disturbed absent a clear abuse of discretion. Gould v. Gould, 28,996 (La.App.2d Cir.1/24/97), 687 So.2d 685.
In the present case, the parties reviewed in court the child support payments made by defendant as reflected by money order receipts payable to the plaintiff. Based on this evidence, the trial court determined that defendant had paid child support through March 2002 and that he owed $300 for the month of April 2002. On the defendant's motion, the court ordered that defendant's support obligation had terminated in May 2002, when the rule to change custody was filed. Based upon this record, we cannot say the trial court abused its discretion in declining to find the defendant in contempt for failure to pay child support. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, that part of the trial court's judgment awarding Jason Touchet sole custody subject to the supervised visitation of Cindi Touchet is amended to award the parties joint custody of the minor children, designate Jason Touchet as the domiciliary parent, and the judgment is otherwise affirmed. The original joint custody implementation plan is hereby reinstated and amended to grant Cindi Touchet the same visitation and other privileges previously provided to the defendant. Costs of this appeal are assessed to the appellee, Jason Touchet.
AMENDED AND AFFIRMED AS AMENDED; ORIGINAL JOINT CUSTODY IMPLEMENTATION PLAN REINSTATED AS AMENDED; RENDERED.
NOTES
[1] In the court below, the original joint custody implementation plan should be amended to conform with this opinion.