962 So.2d 1148 (2007)
Melanie Lynch HOBBS, Plaintiff-Appellee
v.
Mitchell Doil HOBBS, Defendant-Appellant.
No. 42,353-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
*1149 Albert E. Loomis, III, Monroe, for Appellant.
Elizabeth Brown, West Monroe, for Appellee.
Before BROWN, CARAWAY and MOORE, JJ.
MOORE, J.
This is an appeal of a judgment denying a motion and rule to modify custody. Finding no merit in the appellant's assignment of error that the trial court manifestly erred in assessing the factors governing determination of the best interest of the child, we affirm the judgment of the district court and dismiss this appeal at appellant's cost.

*1150 FACTS
Mitchell Doil Hobbs and Melanie Lynch Hobbs were married on October 22, 1991 and divorced on April 16, 1993. One child was born of the marriage, Shawn Tyler Hobbs. Pursuant to a judgment dated November 29, 1995, the parties were awarded joint custody of Tyler in which each parent had physical custody of Tyler on alternating weeks. On November 2, 2005, Mitchell Hobbs filed a motion and rule for primary custody of Tyler alleging that there had occurred a substantial change in circumstances. The next day, Melanie Hobbs filed a motion for contempt and rule to show cause alleging Mitchell Hobbs was in arrears for medical and dental payments.
A Hearing Officer Conference was held on February 1, 2006. The Hearing Officer issued his recommendations and proposed judgment pursuant to La. R.S. 46:236.5 C(5)(d) on the afternoon of February 1, 2006. The proposed judgment dismissed Mitchell Hobbs' demand to modify the custody decree and dismissed Melanie Hobbs' demand that Mitchell be held in contempt. It ordered Melanie to pay 46% and Mitchell to pay 54% of Tyler's orthodontic treatment. Both parties filed objections to the recommendations; however, Melanie subsequently withdrew her objections. The matter of custody was submitted to the district court for a hearing. After a nine-day trial held over a six-month period, the court signed a judgment on November 17, 2006, ordering that the existing custody arrangement remain intact.
Mr. Hobbs filed this appeal alleging that the trial court manifestly erred in its analysis of the "best interest of the child" factors listed under Civil Code Article 134 and other factors on a checklist of factors considered by the trial court. Attached to the trial court's judgment is an "Article 134 Check Sheet" which lists the twelve factors listed under Article 134 and thirteen additional statutorily or jurisprudentially significant factors. Corresponding to each factor listed, the sheet contained a score box in which the court weighed on a scale of 1 to 5 each parent's score for the particular factor. The trial court's "Ruling, Judgment, and Order" essentially recites its assessment of the factors as to each party. Mr. Hobbs' complaint on appeal concerns the findings and weight given by the court regarding several of the factors.

DISCUSSION
The burden of proof at trial upon a party seeking to modify a prior permanent custody award is dependent on the nature of the original custody award. Custody awards are of two types. The first is a stipulated judgment, such as when the parties consent to a custodial arrangement. The second is a considered decree, which is rendered after the trial court has received evidence of parental fitness to exercise care, custody and control of a child. Evans v. Lungrin, 97-0541 (La.02/06/98), 708 So.2d 731; White v. Kimrey, 37,408 (La.App. 2 Cir. 5/14/03), 847 So.2d 157, writ not considered, XXXX-XXXX (La.8/1/03), 849 So.2d 534; Shaffer v. Shaffer, 00-1251 (La.App. 1 Cir. 09/13/00), 808 So.2d 354, writ denied, 00-2838 (La.11/13/00), 774 So.2d 151.
When the original custody decree is a stipulated judgment, the party seeking modification must prove that there has been a material change in circumstances since the original decree and that the proposed modification is in the best interest of the child. Evans, supra; White, supra; Touchet v. Touchet, 36,881 (La.App. 2 Cir. 01/29/03), 836 So.2d 1149; Masters v. Masters, 33,438 (La.App. 2 Cir. 04/05/00), 756 So.2d 1196, writ denied, 01-3096 (La.12/07/01), 803 So.2d 975.
*1151 A party seeking to modify a considered decree of permanent custody bears a heavy burden of proving that the continuation of the present custody arrangement is so deleterious to the child as to justify a modification of the custody decree or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Evans, supra; Bergeron v. Bergeron, 492 So.2d 1193 (La.1986); Evans v. Lites, 30,632 (La.App. 2 Cir. 06/24/98), 714 So.2d 914.
In this instance, the November 29, 1995 judgment awarding joint custody was apparently a stipulated judgment. Hence, Mitchell Hobbs' burden at trial on his motion and rule to modify the standing custody judgment was to show a material change in circumstances and that a change from the original decree is in the best interest of the child. La. C.C. art. 131. After reviewing the factors under La. C.C. art. 134 and others, the trial court concluded that the best interest of the child would be served by maintaining the current custody arrangement. We will not disturb the trial court's ruling absent a manifest abuse of discretion. See La. C.C. art. 134, Comment (b) (Citations omitted).
Appellant contends that the trial court erred in the weight it assigned to Factor Seven concerning the mental and physical health of each party under the best interest standard. The court weighed this factor in favor of Mitchell by assigning the number "3" to his score, and did not give the mother a score.
There is ample medical and lay testimony in the record alluded to by appellant that indicates that Melanie has suffered from symptoms of depression which included sleep disturbances, irritability, lack of energy and other symptoms characteristic of depression. We are also struck by the fact that Melanie has sought medical help for her problems and has received treatment. Appellant argues, however, that she has not consistently followed her treatment, and therefore the treatment has not been as effective as it might be. He contends, among other things, that Melanie's depression has led her to file for bankruptcy due to irresponsible spending and borrowing. He also contends that Melanie's symptoms are consistent with bipolar disorder, and that these symptoms have adversely affected her care of Tyler. We agree with the trial court that the score regarding mental and physical health favors Mitchell. However, we find no manifest abuse of discretion in the weight the trial court has assigned to this single factor regarding its impact on custody and the best interests of Tyler.
We also agree with the trial court's conclusion that Mitchell was a better financial manager than Melanie. The district court found that Factor Three under Article 134, which concerns the capacity and disposition of the parities to provide the child with food, clothing, medical care and other material needs, favored heavily in favor of Mitchell (4-0). He contends that Melanie has demonstrated a lack of capacity and disposition to provide materially for the child because she filed for bankruptcy, utilizes "pay day" loans, has minimal savings, and changed jobs to become a teacher which has resulted in a lower income by almost half. He contends that Melanie's parents, Troy and Patsy Lynch, and not Melanie, provide the material needs of the child.
Although it is clear from this record that Mitchell makes more money and is a better manager of his money than Melanie is of hers, and therefore is in a better position and has greater capacity to provide Tyler with material needs, we do not find that the record supports a finding that Tyler has been deprived of food, clothing, *1152 medical care and other material needs. Nor do we find that Mitchell has been restricted in any way from using his superior financial position to provide any material needs he might feel Tyler lacks under the current custody arrangement.
The trial court found that Factor Two, the capacity and disposition of each party to show the child love, affection and spiritual guidance and to continue the education and rearing of the child, was weighted slightly in favor of the mother due to her profession as an educator. Appellant argues that because Melanie sleeps a lot (a symptom of depression), any advantage she might have due to her profession as a teacher was lost due to her fatigue and sleep problems. In view of the fact that Melanie has been receiving treatment both for depression and sleep apnea, we find no abuse of discretion in the trial court's assessment of this factor. Although we express some concern that Melanie has in some instances not followed up with treatment for her medical condition, we do not find that the trial court was clearly wrong in its conclusion regarding this factor.
Appellant argues most stringently over Factor Six regarding the moral fitness of each party insofar as it affects the welfare of Tyler. He is critical of her financial circumstances and her admission that she had dinner dates with five or six men that she had met through the internet over the years. Specifically, he points out that two men she dated had substance abuse problems, and she had spent one or more nights with each in her trailer, which is located approximately 1,000 feet (0.2 miles) behind her parents' home. One of the men, John Lofton, apparently entered a rehabilitation center for methamphetamine use. She also dated a man named Julius Harper who testified that he was an alcoholic and dated Melanie while separated from his wife. Appellant also attacks Mr. Lynch, alleging he was formerly a member of the Klu Klux Klan, and attacks the moral character of two of Melanie's friends who testified on her behalf, the allegations of which we will not detail in this opinion.
On the other hand, Melanie contends that Mitchell was aware of the alleged inappropriate moral circumstances to which Tyler was allegedly exposed regarding Mr. Lynch many years ago. We also observe that Tyler's junior high school principal, called by the appellant to testify, stated that Tyler was a strong student with a good attendance record, and that he was not a discipline problem. He also indicated that he recognized Melanie from her attendance at school functions. He saw no signs to indicate that Tyler was adversely affected by or distressed from his home life. Accordingly, we find no manifest error or abuse of discretion in the trial court's conclusion that does not weigh in favor of either party regarding Factor Six, inasmuch as Tyler's welfare has apparently not been adversely affected.
Appellant also complains about the trial court's conclusions regarding Factors Four (length of time the child has lived in a stable, adequate environment and the desirability of maintaining continuity of that environment) and Five (the permanence, as a family unit, of the existing or proposed custodial home or homes). Apparently Tyler spends his weeknights during the school year with Melanie's parents when Tyler is in her custody. Because of the very close proximity of Melanie's home and the close relationship of the family, we do not perceive this as a problem, inasmuch as it is customary for grandparents to assist in rearing children, particularly for their children who are single parents.
On the other hand, Mitchell has been involved in Tyler's life as well, serving as a baseball coach and taking Tyler fishing and hunting, and participating with him in *1153 scouting. Accordingly, we find no manifest abuse of discretion in the trial court's conclusion not to favor either parent in this regard.
The trial court found that Factor One, the love, affection and other emotional ties between each party and the child, weighed equally between the parents. Appellant contends that this factor should have weighed heavily in his favor because: 1)Melanie does not put Tyler ahead of herself; 2) she changed jobs, which cut her pay in half; 3) she ran up excessive debt; 4) she failed to adhere to her medication regimen; 5)she lets her parents raise Tyler; 6) she exposed her son to men who abuse substances; and other matters.
Melanie argues that she quit her job to become a teacher so that she could spend more time with Tyler. We are not persuaded that the trial court erred or abused its discretion in concluding that both parties equally love Tyler.
In addition to the factors reviewed above, appellant also complains about the assessment and weight given by the trial court (including the lack of an assessment with respect to some and inapplicability with respect to others) regarding Factors Eight (the home, school, and community history of the child), Ten (the willingness and ability of each party to facilitate and encourage a close relationship between the child and the other party), Twelve (the responsibility for the care and rearing of the child previously exercised by each party), Nine (the reasonable preference of the child), Fourteen (decision-making ability), Nineteen ("other" addictions), Twenty (known schedules), and Twenty-one (supportive family circle). Appellant reiterated the factors found by the trial court to be in his favor.
After review of the factors above, we cannot say that the trial court manifestly erred or abused its discretion in its assessment, the weight it assigned to the various factors, and its decision to disregard some factors.

CONCLUSION
We have reviewed the entire record in this case. As a result of this review, in spite of several factors that weigh heavily in the appellant's favor, we do not believe that there is clear and convincing evidence that primary custody should be awarded in this case, nor do we find that the trial court manifestly erred or abused its discretion in its conclusion regarding Tyler's best interests. We find that it is particularly significant that Tyler is now 15 years old and the current physical custody arrangement has been in effect for more than a decade. Accordingly, Tyler's stated preference at the Watermeier hearing to maintain the current physical custody arrangement is entitled to substantial weight.
For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
BROWN, Chief Judge, concurs with written reasons.
CARAWAY, J., concurs.
BROWN, Chief Judge, concurring.
What stands out is that this week-to-week exchange of physical custody has been in place for 10 years. Moreover, this 15-year-old appears to be doing fine and does not want a change in the status quo. The mother is a school teacher and the father a police officer. I can find no reason for this 9-day trial or for this court's exhaustive repetition of the pluses and minuses of the many factors set forth in La. C.C. art. 134.
*1154 I would simply find no material change in circumstances and affirm.