749 So.2d 849 (1999)
Ricky Lynn ROBERIE, Plaintiff-Appellant,
v.
Lou Anna ROBERIE, Defendant-Appellee.
No. 33,168-CA.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1999.
*850 Bobby L. Culpepper & Associates by Bobby L. Culpepper, Jonesboro, Counsel for Appellant.
Kitchens, Benton, Kitchens & Warren by Rick Warren, Minden, Counsel for Appellee.
*851 Before BROWN, PEATROSS & DREW, JJ.
PEATROSS, J.
This appeal arises from the trial court's awarding custody of Joshua Lynn Roberie, age 17, to his father, Ricky Lynn Roberie ("Mr. Roberie"), and awarding custody of Gabriel Pierce Roberie, age 15, to his mother, Lou Anna Roberie (now Graham) ("Ms. Roberie-Graham"). Mr. Roberie appeals. For the reasons stated herein, the judgment of the trial court awarding custody of Gabriel to Ms. Roberie-Graham is reversed; Mr. Roberie shall be the primary domiciliary parent of both Joshua and Gabriel. Accordingly, the matter is remanded to the trial court for specification of a workable visitation schedule for the children and their mother and a determination of child support.

FACTS
This case has a history of custody agreements and disagreements between the parents over these two, now teen-aged, boys. The parties were divorced in 1985, at which time a considered decree was entered setting forth a joint custody plan which gave Ms. Roberie-Graham custody of the boys from January through June of each year and gave Mr. Roberie custody of the boys from July through December of each year. At the time of the divorce, Joshua was four years old and Gabriel was two years old. The custody arrangement became unworkable in 1987, however, when Joshua was old enough to enter public school. At that time, Joshua would have been approximately six years old and Gabriel four years old. In August 1987, therefore, the trial court entered a second considered decree designating Ms. Roberie-Graham as the primary custodial parent with Mr. Roberie having custody during the summer months and one weekend per month. The holidays were divided.
In June of 1997, the parties entered into a "temporary custody agreement" whereby Joshua would reside with Mr. Roberie and Gabriel would reside with Ms. Roberie-Graham. At that time, Joshua was approximately 16 years old and Gabriel was 14 years old. Both children lived with Mr. Roberie during the summer of 1998 and Mr. Roberie stated that he believed they would continue to reside with him during the 1998-1999 school year as well. A dispute, therefore, arose concerning where the boys would live during the school year which prompted Mr. Roberie to file a petition for modification of custody on August 11, 1998, wherein he sought to be designated the primary domiciliary parent of both boys and to be awarded child support.
The rule was heard on September 14, 1998, at which time it was agreed that the children would stay with Mr. Roberie pending evaluations and recommendations to be conducted by the staff of the Methodist Children's Home. The evaluations were conducted and the Methodist Children's Home recommended that custody of the boys be given to the maternal grandparents, if possible; however, if that option was not available, the recommendation was for Joshua to remain with his father and for Gabriel to reside with his mother. After a hearing on the matter, the trial court accepted and followed the alternative recommendation of the Methodist Children's Home evaluators and, on July 23, 1999, entered judgment separating the boys. At that point, the boys had been living with Mr. Roberie for a full year. Mr. Roberie applied for a stay, which was denied, and, thereafter, applied for emergency supervisory writs and stay orders from this court, which were also denied. This appeal followed.

DISCUSSION
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). On appellate review, the trial court's determination of custody issues is afforded great weight, *852 and its discretion will not be disturbed on review in the absence of a clear showing of abuse. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972).
Mr. Roberie argues that it is in the best interest of the boys that they be kept together in one household. Since, over the past year, the boys have demonstrated stability and improvement while in his custody and since the boys express the desire to continue living with him, Mr. Roberie urges that the judgment of the trial court separating Joshua and Gabriel is erroneous and should be reversed as to Gabriel, thereby granting him primary domiciliary status of both boys. We agree. On the record before us, we believe that the trial court's finding that it was in the best interest of Gabriel to separate him from his older brother, Joshua, was an abuse of discretion.
The best interest of the child is the sole criterion to be met in awarding or modifying custody under La. C.C. art. 131. See also Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). When a trial court has made a considered decree of permanent custody, the party seeking to modify the decree bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody, or of proving by clear and convincing evidence that any harm likely to be caused by a change of environment is substantially outweighed by the advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986); Wilson v. Wilson, 30,445 (La. App.2d Cir.4/9/98), 714 So.2d 35.
A considered decree is one for which evidence as to parental fitness to exercise custody is received by the court. Evans v. Terrell, 27,615 (La.App.2/6/95), 665 So.2d 648, writ denied, 96-0387 (La.5/3/96), 672 So.2d 695. By contrast, a judgment with a custody plan that was entered by default, was not contested or was merely entered by consent of the parties is not a considered decree. Barnes v. Cason, 25,808 (La.App.2d Cir.5/4/94), 637 So.2d 607, writ denied, 94-1325 (La.9/2/94), 643 So.2d 149.
The interests served by such a demanding standard in attempted custody changes are numerous. Specifically, the supreme court noted in Bergeron the importance of there being an "end to the litigation" and that it is "undesirable to change the child's established mode of living except for imperative reasons." Additionally, this court has recognized that the purpose of the heavy burden is to avoid extensive and repetitive litigation that could be harmful to the child and to avoid unnecessary changes in the child's life. Wilson, supra; Acklin v. Acklin, 29,193 (La.App.2d Cir.2/26/97), 690 So.2d 869. Furthermore, in fashioning the standard, the supreme court recognized that, in some cases, changes in custody may be warranted absent "deleterious" circumstances in the present custody arrangement:
In some instances the benefits to the child from a modification of custody may be so great that they clearly and substantially outweigh any harm that will be likely to result from the change even though the present custody is not deleterious to the child.... [W]e are convinced that in a narrow class of cases a modification of custody may be in the child's best interest even though the moving party is unable to show that the present custody is deleterious to the child.
Bergeron, supra.
We begin with the judgment entered in 1987 that implemented the joint custody plan which, despite intervening modifications of physical custody via agreement of the parties, is still in effect and which Mr. Roberie now seeks to modify. Since that judgment was a considered decree, in order to be successful in his attempt to modify it, Mr. Roberie, under normal circumstances, would have to meet the heavy burden imposed by the supreme court in Bergeron. In the case sub judice, *853 however, we are faced with a situation in which the 1987 custody order, which granted primary domiciliary parent status to Ms. Roberie-Graham, has been modified on several other occasions by the agreement of the parties, such that the importance of continuing the arrangement as set forth in that considered decree has been substantially eroded. Bergeron places great significance on the goal of maintaining the status quo for children who are in stable environments and not allowing feuding parents to subject the children to endless "custody litigation, custody changes and interparental conflict." In the present case, the custody decree which Mr. Roberie seeks to modify has been in effect since the boys were very young, ages six and four. They are now teenagers. Despite the terms of the considered decree, the boys have lived with their father at various stages of their childhood and, most importantly, for more than one year immediately preceding Mr. Roberie's petition for modification. Under the facts of this case, we decline to hold Mr. Roberie to the very heavy burden set forth in Bergeron.
Where the Bergeron burden is inapplicable, the party seeking to modify the custody arrangement need only prove a change in circumstances since the original decree and prove that the new custody arrangement would be in the best interest of the child. Wilson, supra; Barnes, supra.
La. C.C. art. 134 outlines the factors in determining the best interest of a child:
The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
(1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
Further, in determining what the best interest of the child is in a change of custody case, courts must examine all relevant factors including stability of environment, standard of living each parent can provide and the prior history of the child's custody. Parker v. Parker, 424 So.2d 1070 (La.App. 4th Cir.1982). Continuity and stability of environment are important to consider in child custody matters. Ezell v. Kelley, 535 So.2d 969 (La.App. 2d Cir.1988). A change from a stable environment should not be made absent a compelling reason. Day v. Day, 97-1994 (La.App. 1st Cir.4/8/98), 711 So.2d 793.
Application of the above factors to this case supports our finding that Mr. Roberie *854 should be granted primary domiciliary parent status as to Gabriel, as well as to Joshua. In particular, we note that Mr. Roberie has attended to all of Gabriel's health needs, both physical and emotional; Gabriel has lived with his father for over a year in a stable, adequate environment and we find it desirable to maintain the continuity of that environment; the family unit with Mr. Roberie and his wife is strong and "permanent" and Gabriel has a good relationship with his brother, Joshua; Gabriel has done excellently in Bethany Christian School in Baton Rouge and is very involved in the church and related activities; and, perhaps most significant, Gabriel has expressed the desire to continue living with his father. The record indicates that the Roberie family is grounded in Baton Rouge and intends to stay there.
On the other hand, there is little evidence in the record as to exactly what type of environment Gabriel would be living in if he were to return to his mother. Ms. Roberie-Graham's husband is in the military and lives in Delaware. Until the filing of the present petition for modification of custody, Ms. Roberie-Graham resided in Delaware as well. She testified, however, that with the necessity of her presence at the proceedings involved with the custody litigation, she decided to move to Alexandria, Alabama, where she currently resides with her sister and her sister's family. Ms. Roberie-Graham is working toward a graduate degree in psychology in Alabama. She testified that there are no marital problems between her and her husband and they intend to reunite and establish a home when he is released from the military and she graduates from school in May 2000. If granted custody of Gabriel, Ms. Roberie-Graham indicated that he would live with her in Alabama until she and her husband reunite. After that point, she testified that she was uncertain where the family would reside. Testimony further indicated that Gabriel does not have any friends in Alabama and does not have ties to a church or a school there.
Additionally, we emphasize that we believe it is clearly not in Gabriel's best interest that he be separated from his older brother, Joshua, at this critical stage in his life. Gabriel is now approximately 15 years old and Joshua 17 years old. The separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Howze v. Howze, 99-0852 (La.5/26/99), 735 So.2d 619. Normally, the welfare of children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity. Id. The trial judge recognized this principal in his reasons for judgment in the modification of the custody plan in 1987 when he stated: "[g]ranting one child to one parent and one child to the other parent would deprive the children of growing up together." We do not agree that now, simply because the boys are in their teens, the "benefit of companionship and affection" between the two boys is any less important. To the contrary, the teen years are very critical, formative years in which a young teenage boy benefits greatly from the influences of his father and male siblings. We believe that a healthy relationship with an older brother is a significant benefit to a 15-year-old boy. Both boys testified that they are very close and share the same group of friends at school and church.[1] Joshua testified that, since they have been living with Mr. Roberie, Gabriel has made significant strides in his social skills and his academic skills. In short, the record indicates that Gabriel is thriving in his present environment and is happy there. Absent a compelling reason to upset Gabriel's *855 present stability, we find it in his best interest to continue the same.
While we are cognizant of the wide discretion afforded a trial court in making custody determinations, we believe that it was an abuse of that discretion to separate Joshua and Gabriel. While we do not discount the very thorough report of the Methodist Children's Home evaluators, our reading of the report reveals no support for the trial court's decision to separate Gabriel and Joshua.[2] Likewise, while we do not discount Ms. Roberie-Graham's ability to love and care for Gabriel, we believe that it is in the best interest of Gabriel that he be allowed to continue living with Mr. Roberie and that Mr. Roberie be designated as Gabriel's primary domiciliary parent.
Accordingly, we instruct the trial court to fashion a workable visitation plan to allow for liberal visitation between Gabriel and his mother. Further, noting that the distance between the parties is at least eight hours, and may increase if Ms. Roberie-Graham decides to return to Delaware, we find that the visitation plan for Joshua, as set forth in the judgment, is impracticable. The trial court is instructed, therefore, to specify a workable visitation schedule for both Gabriel and Joshua with their mother. We also instruct the trial court to make inquiry into and make a determination on the necessity of child support.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed as to the custody of Gabriel Roberie and Mr. Roberie is designated the primary domiciliary parent of both Gabriel and Joshua Roberie. Further, the trial court is instructed to fashion a workable visitation schedule for the children and Ms. Roberie-Graham and to make a determination on the issue of child support. All costs are assessed to Ms. Roberie-Graham.
REVERSED AND RENDERED, WITH INSTRUCTIONS.
NOTES
[1] Although Joshua will soon be 18 years old and no longer subject to a custody order, his testimony is that he plans to remain in Baton Rouge after he graduates from high school and attend Louisiana State University.
[2] The evaluators' first recommendation was to award custody of both boys to the maternal grandparents, if possible, and, alternatively, to separate the boys awarding custody of Joshua to his father and custody of Gabriel to his mother. Since the initial recommendation was not an option for the trial court, it adopted the alternative recommendation and separated the boys.