STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-527


QUINTON D. STEELE

VERSUS

JASMINE S. ASHWORTH


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. 20080980
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Larry Edward Pichon**
**Attorney at Law**
**330 Alamo St., Suite G**
**Lake Charles, LA 70601**
**(337) 439-3073**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    Quinton D. Steele

**Jasmine S. Ashworth**
**In Proper Person**
**508 Bilbo St.**
**DeRidder, LA 70634**
**(337) 401-6285**

**SAUNDERS, Judge**

This is an appeal from a custody determination and judgment rendered by the trial court. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Quinton J. Steele (hereafter "Appellant") and Jasmine S. Ashworth (hereafter "Appellee) are the parents of a minor child, Conner Steele. On September 16, 2008, Appellant filed a Petition to Establish Paternity and Custody. On March 16, 2009, the trial court issued an oral ruling, recognizing Appellant as the biological father of the minor child. At the same time, an Interim Order was issued, awarding "joint care, custody, and control" of the minor child to the parties. On April 13, 2009, a hearing was held on Appellant's Rule to Set Permanent Custody. The testimony of Appellant, Appellee, and Laura Landry, Appellant's wife, was heard. An oral ruling with reasons was issued, granting joint custody to the parties, with Appellee being designated domiciliary parent with Appellant having visitation according to the court's Standard Custody Implementation Plan. Judgment was signed on September 24, 2013, awarding "permanent joint care, custody, and control of the minor child." Appellee was designated as the domiciliary parent. An Implementation Plan was issued.

On September 23, 2013, Appellee, pro se, filed a Rule for Contempt, alleging that Appellant took the minor child without her permission. On September 24, 2013, the trial court ordered the minor child be returned to Appellee and set the matter for review. Appellant filed a response to the rule, alleging the minor child had been in his care, with Appellee's permission, since the summer of 2012. He further alleged that he and Appellee had agreed the child would remain in his custody, with Appellee exercising visitation in her home. On October 11, 2013, Appellant filed a Petition for Change of Custody and Stay of Return Order,

again alleging that, with Appellee's permission, he had physical custody of the child since the summer of 2012. He requested sole custody with visitation being granted to Appellee and a stay of the order to return the child until a hearing could be had on the request to change custody. The request for stay was denied, and the matter was set for hearing.

Hearing was held on December 19, 2013, at which the trial court heard the testimony of the parties. The matter was taken under advisement, and judgment was rendered on January 2, 2014, in which the trial court denied the Petition for Change of Custody, finding that Appellant failed to meet the burden of proof for a change of custody following the rendition of a considered decree. It is from this judgment that this appeal arises.

## DISCUSSION

In his appeal, Appellant first asserts the trial court erred in not considering a letter written to the court by the minor child. Appellant also asserts the trial court erred in finding that the standard announced in *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986), applied to Appellant's request to change custody.

**Assignment of Error Number One:**

Appellant asserts that the trial court did not properly consider a letter written by the minor child, in which the child complained he was "hit" by Appellee. In support of his argument, he contends, "If the court properly considered the letter then the court could have concluded that it would be deleterious to leave the child with the mother appellee."

There is nothing to indicate the trial court did not consider the letter. To the contrary, it appears the trial court did, in fact, consider the content of the letter and made the decision to report the allegation that Appellee "hit" the child to the Office

2

of Community Services, the agency charged with investigating complaints of child abuse. When the letter was introduced, the trial court explained:

THE COURT:

> In the Court's opinion at this time. It does not reach that level. I can -- because I saw this letter; I don't know what effect the letter has. I don't know the situation, and I'm not going to talk to an eight-year-old child -- I can ask OCS to investigate the situation and talk to an eight-year-old child. But teachers are mandatory reporters. In other words, if they believe the child was hurt, and the child told them, they would report it, and the investigation would immediately occur. I'm a mandatory reporter. Mr. Pichon's a mandatory reporter. So, I will tell them, and they'll investigate the situation, and they'll probably continue to do that.

In the absence of any details, the trial court "could have concluded" that the child may have been abused and that it would be harmful to the child to maintain custody in Appellee. However, without any context, the trial court was also entitled to conclude that there may, in fact, have been no actual abuse. Where there are two permissible views of the evidence, there cannot be manifest error. *LeBlanc v. Calcasieu Parish Sch. Bd.*, 02-728 (La.App. 3 Cir. 12/30/02), 834 So.2d 1258 (citing *Seal v. Gaylord Container Corp.*, 97-0688 (La. 12/2/97), 704 So.2d 1161; *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993)). Accordingly, we find this assignment is without merit.

**Assignment of Error Number Two:**

In his second assignment of error, Appellant asserts the trial court erred in finding that the heightened burden of proof announced in *Bergeron* applied to his request to change custody because a change of custody had already occurred when the child began to reside with him. He asserts that, if it should have been applied, it was to the change of physical custody from Appellant back to Appellee.

3

The burden of proof required to modify an order of custody depends on whether the trial court previously rendered a considered decree. *Martin v. Martin*, 11-1496, (La.App. 3 Cir. 5/16/12), 89 So.3d 526. To modify a considered decree, the party seeking modification "must first show that a change of circumstances materially affecting the welfare of the child has occurred since the prior custody order." *Barlow v. Barlow*, 14-361 (La.App. 3 Cir. 10/1/14), __ So.3d __, __ (citing *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986)). Then, the party seeking modification must show:

> that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody, or of proving by clear and convincing evidence that any harm likely to be caused by a change of environment is substantially outweighed by the advantages to the child. *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986); *Wilson v. Wilson*, 30,445 (La.App. 2 Cir. 4/9/98), 714 So.2d 35.
>
> A considered decree is one for which evidence as to parental fitness to exercise custody is received by the court. *Evans v. Terrell*, 27,615 (La.App. [2d Cir.] 2/6/95 [12/6/95]), 665 So.2d 648, *writ denied*, 96–0387 (La. 5/3/96), 672 So.2d 695. By contrast, a judgment with a custody plan that was entered by default, was not contested[,] or was merely entered by consent of the parties is not a considered decree. *Barnes v. Cason*, 25,808 (La.App. 2 Cir. 5/4/94), 637 So.2d 607, *writ denied*, 94–1325 (La. 9/2/94), 643 So.2d 149.

*Martin*, 89 So.3d at 528 (quoting *Schuchmann v. Schuchmann*, 00–094, p. 3 (La.App. 3 Cir. 6/1/00), 768 So.2d 614, 616) (quoting *Roberie v. Roberie*, 33,168, p. 3 (La.App. 2 Cir. 12/8/99), 749 So.2d 849, 852) (alterations in original).

The trial court's determination concerning whether the heightened burden of proof to modify a considered custody decree has been met is a question of fact, which will not be disturbed on appeal absent manifest error. *Oliver v. Oliver*, 95–1026 (La.App. 3 Cir. 3/27/96), 671 So.2d 1081. To make a finding that the trial court committed manifest error, an appellate court must find that the entire record

reveals that there was no reasonable factual basis for the trial court's finding and that the finding is clearly wrong. *Id.*

Finally, "'[a] trial court's determination regarding child custody is to be afforded great deference on appeal and will not be disturbed absent a clear abuse of discretion.'" *Martin,* 89 So.3d at 528 (quoting *Franklin v. Franklin*, 99–1738, p. 4 (La.App. 3 Cir. 5/24/00), 763 So.2d 759, 762). Custody cases are decided upon their own particular facts and circumstances, but the "paramount" consideration is the best interest of the child. *McManus v. McManus*, 13-699, p. 3 (La.App. 3 Cir. 12/11/13), 127 So.3d 1093, 1095 (quoting *Hebert v. Blanchard,* 97–550, p. 4 (La.App. 3 Cir. 10/29/97), 702 So.2d 1102, 1105). On a request to modify a considered decree, if the heightened burden of proof is met, then the trial court must then determine the best interest of the child. *Harvey v. Harvey*, 13-81 (La.App. 3 Cir. 6/5/13), 133 So.3d 1, *writ denied*, 13-1600 (La. 7/22/13), 119 So.3d 596.

In the instant case, the trial court correctly concluded that the September 24, 2013 judgment memorializing the April 13, 2009 oral ruling was a considered decree because testimonial evidence was heard at the April 13, 2009 hearing. Although Appellant urges us to find the heightened burden of proof applies to the change of physical custody from Appellant to Appellee, and not to his request to modify the considered decree rendered by the trial court, there is no support in the law for this proposition. Therefore, we conclude that the strict standards of *Bergeron* apply to Appellant's request to modify the trial court's September 24, 2013 considered decree.

In his appeal, Appellant asserts that the facts that the child lived with Appellant for one year and "was doing well" are changes in circumstances since the prior custody order which materially affected the child's welfare. Although the

5

trial court's judgment did not address this prong of the *Bergeron* standard of proof, we disagree with Appellant. The record indicates that the parties mutually agreed that the child would live with Appellant temporarily, apparently to attend school for one year. We will not allow the domiciliary parent's decision to allow the child to have more liberal access to his non-domiciliary parent to serve as the basis for a change of custody.

The record supports the trial court's conclusion that Appellant did not prove that "that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody, or . . . that any harm likely to be caused by a change of environment is substantially outweighed by the advantages to the child." *Bergeron*, 492 So.2d 1193. Appellant asserts that the child's lower grade in reading, the mild injury to the child's eye with dishwashing liquid, the comments by Appellee to the child that he may be homosexual and would not get a birthday present because he broke a television, and the physical restraint of the child by Appellee during an altercation between Appellant and Appellee are circumstances which prove the child "could be harmed" by continuing the current custody in Appellee. However, a slightly lower reading grade, a minor injury to his eye, mildly inappropriate comments, and physical restraint of the child during a physical altercation between the parties, which caused no injury to the child, are not such harmful circumstances as to justify a modification of the custody decree.

Appellant's own testimony indicates he did not believe the continuation of the current custody was so harmful to the child as to justify a change of custody. Appellant testified:

Q. What is it that you would actually like the Court to do?

A. Uhm, for any reason, I just really want to be a big part of my son's education. I just really want to be involved with him while he goes to school because that plays a big part in his life.

6

In a colloquy with the court, Appellant stated:

> THE COURT:
>> But that doesn't mean I change custody.
>
> APPELLANT:
>> Yes, ma'am. I understand that, and I'm not really trying to change custody. I just really feel like I need to be a bigger part of my son's life as opposed to every other weekend.

When Appellee cross-examined him, he further testified (emphasis added):

> Q.    And another question I have is, uhm, why – Conner's been with me all his life. I let him stay with you for a year and now all of a sudden [my] home is unfit. Why?
>
> A.    *Jasmine, it's not that your home is unfit.* It's simply because I, and this is just my opinion, I feel like you don't take more responsibility into the seriousness of the stuff that you have goin' on and to where if anything small can happen, that's my child's life. Just like that's your child, that's my child also.
>
> . . . .
>
> A.    Even when I'm not able to be around him, I would still like to know how he's doin'. *Jasmine, not one time did I say yo' house was unstable.* The only thing I disagree about was with Keith doin' the tattoos while Conner was there. That's the only thing I disagreed about.

Given the above testimony, it appears that the crux of Appellant's request to change custody was that he wanted to play a larger role in his child's life, not that the current custodial situation is "so deleterious" as to justify a change in the current custody decree. A considered decree may not be modified simply because one parent wishes to be more involved with the child. Thus, the trial court did not err in concluding that Appellant did not prove "that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody."

## CONCLUSION

For the foregoing reasons, we conclude Appellant's assignments of error are without merit.  Therefore, the judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed equally between the parties.

**AFFIRMED.**