NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1051 consolidated with 14-1052

JOSHUA AMOS

VERSUS

SHAWANA SEMIEN

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 11-C-2195-C C/W 11-C-2372-D
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Phyllis M. Keaty, Judges.

AFFIRMED.

**Donald Lynn Mayeux**
**Attorney at Law**
**P.O. Box 1460**
**Eunice, LA 70535**
**(337) 457-9610**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Shawana Semien**

**Paul E. Brown**
**Attorney at Law**
**P. O. Drawer 1370**
**Eunice, LA 70535**
**(337) 457-4116**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Joshua Amos**

**Shawana Semien**
**In Proper Person**
**400 Louveteau Road, Lot #15**
**Carencro, LA 70520**
**(377) 466-1513**
 **DEFENDANT/APPELLANT:**
  **Shawana Semien**

**SAUNDERS, Judge.**

This is an appeal regarding whether the trial court erred in naming the father the domiciliary parent of he and the mother's three children. After reviewing the record, we find no error by the trial court and affirm.

**FACTS AND PROCEDURAL HISTORY:**

Joshua Amos and Shawana Semien were in a relationship wherein three children were born. Thereafter, the couple discontinued their relationship with the children primarily residing with Semien.

On May 6, 2011, Amos filed a petition for child custody and rule to show cause in Saint Landry Parish. On May 17, 2011, after having discharged his counsel and obtained another, Amos filed a second petition for custody in Saint Landry Parish. Upon motion of Semien, the two matters were consolidated pursuant to an order signed on September 23, 2011.

On January 18, 2013, pursuant to an incident of alleged physical abuse by Semien that occurred in December 2012, Amos filed for and was granted a protective order that awarded him and Semien joint custody of the children and that designated Amos as the domiciliary parent. Semien was granted visitation with two of the three children every other weekend. The order was effective through July 18, 2013. In the interim, on June 6, 2013, a hearing officer recommended that the children continue with the custody and visitation plan that was drafted under the protective order.

On November 3, 2013, after the trial court heard evidence from both parties, Amos and Semien stipulated to a judgment continuing with Amos being the domiciliary parent. Next, Semien filed a petition for change of custody on November 19, 2013. On January 16, 2014, a hearing officer again recommended no change in custody or visitation. After conducting a hearing on the matter, on

September 4, 2014, the trial court signed a judgment granting Amos and Semien joint custody of the children and designating Amos as the domiciliary parent.

Semien filed the present appeal of that judgment asserting two assignments of error. Both assignments of error allege that the trial court erred in designating Amos the domiciliary parent of the three children.

## DISCUSSION OF THE MERITS:

Semien contends that the trial court erred in naming Amos domiciliary parent of the minor children because it failed to consider Amos' violent history and, further, in that it failed to consider Amos' work schedule. We find no merit to Semien's contentions.

> The burden of proof required to modify an order of custody depends on whether the trial court previously rendered a considered decree. *Martin v. Martin,* 11-1496 (La.App. 3 Cir. 5/16/12), 89 So.3d 526. To modify a considered decree, the party seeking modification "must first show that a change of circumstances materially affecting the welfare of the child has occurred since the prior custody order." *Barlow v. Barlow*, 14-361[, p. 6] (La.App. 3 Cir. 10/1/14), 149 So.3d 856, 860 [] (citing *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986)). Then, the party seeking modification must show:

>> that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody, or of proving by clear and convincing evidence that any harm likely to be caused by a change of environment is substantially outweighed by the advantages to the child. *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986); *Wilson v. Wilson*, 30,445 (La.App. 2 Cir. 4/9/98), 714 So.2d 35.

>> A considered decree is one for which evidence as to parental fitness to exercise custody is received by the court. *Evans v. Terrell*, 27,615 (La.App. [2d Cir.] 2/6/95 [12/6/95]), 665 So.2d 648, *writ denied*, 96-0387 (La.5/3/96), 672 So.2d 695. By contrast, a judgment with a custody plan that was entered by default, was not contested[,] or was merely entered by consent of the parties is not a considered decree. *Barnes v. Cason*, 25,808 (La.App. 2 Cir. 5/4/94), 637 So.2d 607, *writ denied*, 94-1325 (La.9/2/94), 643 So.2d 149.

2

*Martin*, 89 So.3d at 528 (quoting *Schuchmann v. Schuchmann*, 00-094, p. 3 (La.App. 3 Cir. 6/1/00), 768 So.2d 614, 616) (quoting *Roberie v. Roberie*, 33,168, p. 3 (La.App. 2 Cir. 12/8/99), 749 So.2d 849, 852) (alterations in original).

The trial court's determination concerning whether the heightened burden of proof to modify a considered custody decree has been met is a question of fact, which will not be disturbed on appeal absent manifest error. *Oliver v. Oliver*, 95-1026 (La.App. 3 Cir. 3/27/96), 671 So.2d 1081. To make a finding that the trial court committed manifest error, an appellate court must find that the entire record reveals that there was no reasonable factual basis for the trial court's finding and that the finding is clearly wrong. *Id.*

Finally, "'[a] trial court's determination regarding child custody is to be afforded great deference on appeal and will not be disturbed absent a clear abuse of discretion.'" *Martin*, 89 So.3d at 528 (quoting *Franklin v. Franklin*, 99-1738, p. 4 (La.App. 3 Cir. 5/24/00), 763 So.2d 759, 762). Custody cases are decided upon their own particular facts and circumstances, but the "paramount" consideration is the best interest of the child. *McManus v. McManus*, 13-699, p. 3 (La.App. 3 Cir. 12/11/13), 127 So.3d 1093, 1095 (quoting *Hebert v. Blanchard*, 97-550, p. 4 (La.App. 3 Cir. 10/29/97), 702 So.2d 1102, 1105). On a request to modify a considered decree, if the heightened burden of proof is met, then the trial court must then determine the best interest of the child. *Harvey v. Harvey*, 13-81 (La.App. 3 Cir. 6/5/13), 133 So.3d 1, *writ denied*, 13-1600 (La.7/22/13), 119 So.3d 596.

*Steele v. Ashworth*, 14-527, pp. 4-5 (La.App. 3 Cir. 11/12/14), 151 So.3d 177, 181-82.

In the case before us, Semien requests this court to either designate her as the domiciliary parent or that she be granted a "right of first refusal" should Amos be working during a period when the children are in his custody. She makes these requests on the basis that Amos has a history of violence and works away from home for long periods of time.

After reviewing the record, we find that it contains conflicting testimony regarding the two issues raised by Semien. While she did testify that Amos has a history of violence, Amos denied that this history was accurate. Additionally, while Semien testified that Amos' work sometimes required him to live out of state and away from his children for long periods of time, Amos testified that he no

3

longer did that kind of work due to his Type 1 diabetes. Further, Amos testified that his former job allowed for him to be with his children four nights a week, including weekends, as he would drive to work the morning the work week began and drive home the day the work week ended.

Regarding violence, we note Amos obtained his status as domiciliary parent due to an allegation that Semien abused one of the children. As a result of that incident, Semien was required and attended parenting and anger management classes. Amos also testified that Semien has a history of abusing the children while disciplining them and in neglecting them by leaving them alone at home when they were at ages too young to take care of themselves.

There is also evidence in the record that Semien's current husband has been arrested on numerous occasions, mostly narcotics related, since 1997. Further, there is an allegation in the record that Semien's current husband is abusive towards the children.

Finally, the trial court conducted two hearings in which it heard testimony from Amos, Semien, and the children. In reading the record, it is clear to this court that the children's version of Semien's treatment of them varied greatly from the version put forth by Semien.

Given the above, we find no abuse of the vast discretion of the trial court in designating Amos as the domiciliary parent or in denying Semien's request to replace Amos as the domiciliary parent. It is clear from the record that the trial court was presented with conflicting evidence, a plethora of which support its judgment. Thus, we defer to its superior position in weighing the conflicting evidence.

**DECREE:**

Shawana Semien appeals whether the trial court erred in designating Joshua Amos the domiciliary parent in the custody of their three children. We find no abuse of discretion by the trial court and affirm the judgment. All costs of these proceedings are assessed to Shawana Semien.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.