NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-589

MABLE AND CLAYTON DOWDEN

VERSUS

CASSI CATTS

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 63,808
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge,  John D. Saunders, and David E. Chatelain*, Judges.

AFFIRMED.

_____
　　*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Alex J. Washington, Jr.**
**Washington & Wells**
**1700 Irving Place**
**Shreveport, LA 71101**
**(318) 841-1233**
**COUNSEL FOR PLAINTIFF-IN-RULE:**
    **Cassi Catts**

**Elizabeth A. Widhalm**
**Widhalm & Widhalm, LLC**
**229 26th St.**
**New Orleans, LA 70124**
**(318) 332-1714**
**COUNSEL FOR DEFENDABT-IN-RULE:**
    **Mable Dowden**

**SAUNDERS, J.**

This suit arises from a child custody dispute between the mother and the great-grandparents of the child. The great-grandparents have raised the child since he was two weeks old at the request of the child's mother. The great-grandparents were awarded sole custody with supervised visitation to the mother. The mother has filed several Motions to Modify Custody. It is from this last denial to modify custody that the mother appeals.

**FACTS AND PROCEDURAL HISTORY:**

Cassi Catts, hereinafter "Plaintiff," is the mother of C.C., hereinafter "the child," who is the minor child at the heart of this custody dispute. Mable Dowden, hereinafter "Defendant," is the child's great-grandmother.

Defendant has raised the child since he was two weeks old at the request of the child's mother. Plaintiff visited with her son several times but always brought him back to Defendant. On July 29, 2011, Defendant filed a Petition for Custody, with her husband, who is now deceased, which sought sole custody of the child and also alleged physical child abuse. The original petition alleged that the child returned from a visit with his mother with bruises. At that time the child was two years old. After a hearing on the matter, Defendant was awarded sole custody with supervised visitation to Plaintiff.

Plaintiff filed a Motion for Contempt against Defendant and a request to increase visitation. On July 12, 2012, a hearing was held on the matter. The Motion for Contempt was dismissed, and the original sole custody decree was maintained. Two years later, Plaintiff filed a Rule to Modify Custody, but no hearing was conducted. Custody did not change, but the parties agreed to a detailed increase in visitation with Plaintiff that was to be unsupervised. The trial court ordered that

there was to be no corporeal punishment of the child and that the child would not be under the care of Plaintiff's fiancé, Roy Jones.

On November 12, 2015, Plaintiff filed a Motion to Modify Custody Agreement and/or Increased Visitation that was set for hearing on January 13, 2016. The trial court ruled that it was in the best interest of the child for the original custody agreement to be reinstated, which maintained sole custody to Defendant but required supervised visitations with Plaintiff. It is from this denial to modify custody that Plaintiff appeals.

**ASSIGNMENT OF ERROR:**

In her sole assignment of error, Appellant contends that the trial court erred in denying the Motion to Modify Custody.

**DISCUSSION OF THE MERITS:**

In her only assignment of error, Appellants contends that the trial court erred in denying the Motion to Modify Custody .

The burden of proof required to modify an order of custody depends on whether the trial court previously rendered a considered decree. *Martin v. Martin*, 11-1496 (La.App. 3 Cir. 5/16/12), 89 So.3d 526. To modify a considered decree, the party seeking modification "must first show that a change of circumstances materially affecting the welfare of the child has occurred since the prior custody order." *Barlow v. Barlow*, 14-361, p. 6 (La.App. 3 Cir. 10/1/14), 149 So.3d 856, 860, (citing *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986)). Then, the party seeking modification must show:

> that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody, or of proving by clear and convincing evidence that any harm likely to be caused by a change of environment is substantially outweighed by the advantages to the child. *Bergeron v. Bergeron,* 492 So.2d 1193 (La.1986); *Wilson v. Wilson,* 30,445 (La.App. 2 Cir. 4/9/98), 714 So.2d 35.

> A considered decree is one for which evidence as to parental fitness to exercise custody is received by the court. *Evans v. Terrell,* 27,615 (La.App. [2d Cir.] 2/6/95 [12/6/95] ), 665 So.2d 648, *writ denied,* 96–0387 (La.5/3/96), 672 So.2d 695. By contrast, a judgment with a custody plan that was entered by default, was not contested[,] or was merely entered by consent of the parties is not a considered decree. *Barnes v. Cason,* 25,808 (La.App. 2 Cir. 5/4/94), 637 So.2d 607, *writ denied,* 94–1325 (La.9/2/94), 643 So.2d 149.

*Martin,* 89 So.3d at 528 (quoting *Schuchmann v. Schuchmann,* 00–094, p. 3 (La.App. 3 Cir. 6/1/00), 768 So.2d 614, 616) (quoting *Roberie v. Roberie,* 33,168, p. 3 (La.App. 2 Cir. 12/8/99), 749 So.2d 849, 852) (alterations in original).

The trial court's determination concerning whether the heightened burden of proof to modify a considered custody decree has been met is a question of fact, which will not be disturbed on appeal absent manifest error. *Oliver v. Oliver*, 95–1026 (La.App. 3 Cir. 3/27/96), 671 So.2d 1081.

A court of appeal may not set aside a judge's factual finding unless that finding was manifestly erroneous or clearly wrong. *Senousy v. Senousy*, 05-198 (La.App. 3 Cir. 6/1/05), 905 So.2d 461, *writ denied*, 05-2073 (La. 2/10/06), 924 So.2d 169. To make a finding that the trial court committed manifest error, an appellate court must find that the entire record reveals that there was no reasonable factual basis for the trial court's finding and that the finding is clearly wrong. *Id.* Finally, " '[a] trial court's determination regarding child custody is to be afforded great deference on appeal and will not be disturbed absent a clear abuse of discretion.' " *Martin*, 89 So.3d at 528 (quoting *Franklin v. Franklin*, 99-1738, p. 4 (La.App. 3 Cir. 5/24/00), 763 So.2d 759, 762).

Custody cases are decided upon their own particular facts and circumstances, but the "paramount" consideration is the best interest of the child. *McManus v. McManus*, 13-699, p. 3 (La.App. 3 Cir. 12/11/13), 127 So.3d 1093, 1095 (quoting *Hebert v. Blanchard*, 97-550, p. 4 (La.App. 3 Cir. 10/29/97), 702 So.2d 1102, 1105). On a request to modify a considered decree, if the heightened burden of

proof is met, the trial court must then determine the best interest of the child. *Harvey v. Harvey*, 13-81 (La.App. 3 Cir. 6/5/13), 133 So.3d 1, *writ denied*, 13–1600 (La. 7/22/13), 119 So.3d 596.

In its final judgment, the trial court found the following, in pertinent part:

> That Ms. Catts [Plaintiff] failed to meet her burden of proof that a change in circumstance has occurred to warrant greater care, custody, and control of the subject child.
> …
> **THEREFORE, BASED UPON THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED, AND ADJUDGED AND DECREED** that, in the best interest of the subject child . . . Defendant-in-Rule, **MABEL** [sic] **DOWDEN**, be and is hereby awarded sole custody of the subject child with supervised visitation to Plaintiff-in-rule, **CASSIE** [sic] **CATTS**, at the discretion of Defendant-in-Rule, **MABEL** [sic] **DOWDEN** . . .

Plaintiff urges this court to find that the lesser burden of proof for consent decrees between parents and non-parents applies to the case at hand, as evidenced in *Jones v. Coleman*, 44,543 (La.App. 2 Cir. 7/15/09), 18 So.3d, a second circuit case involving the modification of custody in a consent judgment between a parent and non-parent. However, we find the *Coleman* standard to be inapplicable to the current case due to the nature of the child custody suit as a considered decree. We agree with the trial court that the strict standards of *Bergeron* apply to Plaintiff's request to modify the considered custody decree and, moreover, that she has failed to meet this burden.

At the most recent hearing on January 13, 2016, Plaintiff testified that she had concerns about her child; some of these concerns included his lack of friends, his discipline problems, and some hygiene problems. She also testified about her life improvements, which included parenting and anger management classes, receiving her GED, attaining employment, and other efforts to prove her rehabilitation. She also testified the following, in pertinent part:

4

Q: Okay. Do you believe C.C.'s [the child] been well cared for while he's at Ms. Dowden's house?

A: Yes. I do.

Q: And is he happy there?

A: Yeah. I know he's happy. He loves her and she loves him.

Defendant testified to several behavioral issues that developed as visitation increased with Plaintiff. Defendant cited his anxiety, nail biting, fear of sleeping alone at night, and other hygiene issues. Further, Defendant testified that the child often does not want to visit with Plaintiff, and Plaintiff has not paid all of the child support that was ordered.

We agree with the trial court that the custody decree before us is and has always been a considered decree and therefore subject to the heightened standard of *Bergeron*. Plaintiff failed to address both prongs of the *Bergeron* standard; she failed to show the trial court that the circumstances were so deleterious to the minor child that a change is warranted, and she failed to show that the harm caused by changing custody outweighed the advantages. Moreover, she failed to show that a change in custody was in the best interest of the child. We find that the trial court correctly applied the *Bergeron* standard and correctly reinstated the original custody decree which awarded Defendant sole custody and supervised visitation with Plaintiff at the discretion of Defendant.

**DISPOSITION:**

Plaintiff, Cassi Catts, raised one assignment of error. For the foregoing reasons, we affirm the trial court's judgment and assess all costs of this appeal to Plaintiff.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Uniform

RULE 2-16.3, UNIFORM RULES-COURTS OF APPEAL.